UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 14-40039 |
| Plaintiff, | |
| vs. | JAMES MURPHY'S PROPOSED JURY INSTRUCTIONS |
| JAMES MURPHY, a/k/a. "jaebskipp12@gmail.com, | |
| Defendants. | |

_____

Attorney for United States:    Jeffrey Clapper
                               Assistant United States Attorney
                               PO Box 5073
                               Sioux Falls, SD 57117-5073

Attorney for Defendant House:  Michael W. Hanson
                               505 W. 9th Street Ste. 100
                               Sioux Falls, SD 57104


    Comes now the defendant, James Murphy, and proposes the following proposed jury instructions numbered 1 through 04.


    Dated this 14th day of July, 2014.


                                                               /s/   Michael W. Hanson
                                                                Michael W. Hanson
                                                                 Attorney for Defendant
                                                                505 W. 9th Street, #100
                                                                Sioux Falls, SD 57104
                                                                (605) 332-8227

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                                                                     CR. 14-40039

Plaintiff,

vs.

                                                  CERTIFICATE OF SERVICE

JAMES MURPHY,
a/k/a. "jaebskipp12@gmail.com,

Defendants.
_____

      The undersigned attorney hereby certifies that on the  14th  day of July, 2014, he served a true and correct copy of James Murphy Proposed Jury Instructions on, Mr. Jeffrey Clapper, Assistant US Attorney, by electronic filing at Jeff.Clapper@usdoj.gov.

                                                                  /s/   Michael W. Hanson
                                                                 Michael W. Hanson
                                                                 Attorney for Defendant
                                                                 505 W. 9th Street, #100
                                                                 Sioux Falls, SD 57104
                                                                (605) 332-8227

DEFENDANT JAMES MURPHY'S PROPOSED INSTRUCTION NO. 1

Title 18 United States Code, Section 1591, makes it a Federal crime or offense for anyone to recruit, entice, harbor, transport, provide, or obtain a person, in or affecting interstate commerce, while knowing that such person had not attained the age of 14 years and would be caused to engage in a commercial sex act.

# DEFENDANT JAMES MURPHY'S PROPOSED INSTRUCTION NO. 2

The crime of commercial sex trafficking of a child, as charged in the indictment, has three elements, which are:

1. That on or about the 22nd day of March, 2014, the Defendant knowingly recruited, enticed, harbored, transported or obtained a person whom the Defendant knew would be caused to engage in a commercial sex act;

2. That the Defendant knew that the person had not attained the age of 14 years; and

3. That the offense was in or affecting interstate commerce. For you to find the defendant guilty of the crime charged, the government must prove all of these essential elements beyond a reasonable doubt; otherwise you must find the defendant not guilty of the crime charged. The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

If all of these essential elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of the crime charged in the Indictment.

**Source**: Eighth Circuit Manual of Model Jury Instructions Criminal § 3.09

DEFENDANT JAMES MURPHY'S PROPOSED JURY INSTRUCTION NO 3

The crime charged in the indictment is an attempt to commit sex trafficking of a child. A person may be found guilty of an attempt if he intended to commit sex trafficking of a child and voluntarily and intentionally carried out some act which was a substantial step toward that crime.

**Source**: Eighth Circuit Manual of Model Jury Instructions Criminal § 8.01; 18 U.S.C. § 1594(a).

DEFENDANT JAMES MURPHY'S PROPOSED INSTRUCTION NO. 4

The phrase "interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.

The term "commerce" includes, among other things, travel, trade, transportation and communication. The Internet is an instrumentality and channel of interstate commerce.[1]

The phrase "in or affecting interstate commerce" as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between these States.

In determining whether the activity was "in or affecting interstate commerce," it is not necessary for the government to show that the defendant knew that the crime would affect interstate commerce or to show that the defendant intended to affect interstate commerce - only that the activity the defendant was engaged in was in or did affect interstate commerce.

**Source:** Eighth Circuit Manual of Model Jury Instructions Criminal §6.18.2252B (modified); § 6.18.1956J(2)

_____

1 United States v. Trotter, 468 F.3d 918, 921 (8th Cir. 2007) (quoting United States v. Macewan, 445 F.3d 237, 245 (3rd Cir. 2006)).Source:    Devitt, Blackmar & O'Malley § 54.08

DEFENDANT JAMES MURPHY PROPOSED INSTRUCTION NO. 5

The Indictment charges that the offenses were committed " on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonable near the dates alleged in the Indictment, it is not necessary for the government to prove that offense was committed precisely on the dates charged.

**Source**: Devitt, Blackmar & O'Malley § 13.05

DEFENDANT JAMES MURPHY PROPOSED JURY INSTRUCTION NO. 6

You must presume that the defendant are innocent of the crime charged. The Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that the person has been indicted does not create any inference, nor is it evidence, that he is guilty of any crime. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are satisfied beyond a reasonable doubt of a defendant's guilt of the crime charged from all the evidence that has been introduced in the case.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that a defendant committed each and every element of the offense charged against him in the Indictment, you must find that defendant not guilty of that offense.

**Source**: Eighth Circuit Manual of Model Jury Instructions Criminal §3.08

DEFENDANT JAMES MURPHY PROPOSED JURY INSTRUCTION NO. 7

      A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**Source**: Eighth Circuit Manual of Model Jury Instructions Criminal §3.11

DEFENDANT JAMES MURPHY PROPOSED JURY INSTRUCTION NO. 8

You have heard evidence that the defendant James Murphy was previously convicted of a crime. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. That evidence does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

**Source**: Eighth Circuit Manual of Instructions Criminal § 2.16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,  
                                                                                CR. 14-40039

Plaintiff,

vs.                                                                            VERDICT FORM

JAMES MURPHY,  
a/k/a. "jaebskipp12@gmail.com,

Defendant.
_____

Please return your verdict by placing an "X" or "√" in the spaces provided.

**VERDICT**

We, the jury in the above entitled and numbered case, as to the crime of Commercial Sex Trafficking as charged in the Indictment, find the Defendant James Murphy.

      _____ NOT GUILTY

      _____ GUILTY

Please have your foreperson sign and date the Verdict Form below.

Dated this\_\_\_ day of _____, 2014.

                                                                             _____  
                                                                               Foreperson

Source: Eighth Circuit Manual of Model Jury Instructions Criminal § 11-.02 (modified)

INSTRUCTION NO. \_\_\_\_

Title 18 United States Code, Section 1591, makes it a Federal crime or offense for anyone to recruit, entice, harbor, transport, provide, or obtain a person, in or affecting interstate commerce, while knowing that such person had not attained the age of 14 years and would be caused to engage in a commercial sex act.

INSTRUCTION NO.\_\_\_

The crime of commercial sex trafficking of a child, as charged in the indictment, has three elements, which are:

1. That on or about the 22nd day of March, 2014, the Defendant knowingly recruited, enticed, harbored, transported or obtained a person whom the Defendant knew would be caused to engage in a commercial sex act;

2. That the Defendant knew that the person had not attained the age of 14 years; and

3. That the offense was in or affecting interstate commerce. For you to find the defendant guilty of the crime charged, the government must prove all of these essential elements beyond a reasonable doubt; otherwise you must find the defendant not guilty of the crime charged. The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

If all of these essential elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in the Indictment; otherwise you must find the defendant not guilty of the crime charged in the Indictment.

INSTRUCTION NO.____

The crime charged in the indictment is an attempt to commit sex trafficking of a child. A person may be found guilty of an attempt if he intended to commit sex trafficking of a child and voluntarily and intentionally

carried out some act which was a substantial step toward that crime.

INSTRUCTION NO. \_\_\_\_

The phrase "interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state or between two points within a state through a place outside the state.

The term "commerce" includes, among other things, travel, trade, transportation and communication. The Internet is an instrumentality and channel of interstate commerce.[1]

The phrase "in or affecting interstate commerce" as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between these States.

In determining whether the activity was "in or affecting interstate commerce," it is not necessary for the government to show that the defendant knew that the crime would affect interstate commerce or to show that the defendant intended to affect interstate commerce - only that the activity the defendant was engaged in was in or did affect interstate commerce.

INSTRUCTION NO. \_\_\_

The Indictment charges that the offenses were committed " on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonable near the dates alleged in the Indictment, it is not necessary for the government to prove that offense was committed precisely on the dates charged.

INSTRUCTION NO.\_\_\_\_

You must presume that the defendant are innocent of the crime charged. The Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that the person has been indicted does not create any inference, nor is it evidence, that he is guilty of any crime. The presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are satisfied beyond a reasonable doubt of a defendant's guilt of the crime charged from all the evidence that has been introduced in the case.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that a defendant committed each and every element of the offense charged against him in the Indictment, you must find that defendant not guilty of that offense.

INSTRUCTION NO. ___

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

INSTRUCTION NO. ___

You have heard evidence that the defendant James Murphy was previously convicted of a crime. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. That evidence does not mean that he committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                                                             CR. 14-40039

Plaintiff,

vs.                                                             VERDICT FORM

JAMES MURPHY,
a/k/a. "jaebskipp12@gmail.com,

Defendant.

_____

Please return your verdict by placing an "X" or "√" in the spaces provided.

**VERDICT**

We, the jury in the above entitled and numbered case, as to the crime of Commercial Sex trafficking as charged in the Indictment, find the Defendant James Murphy.

_____ NOT GUILTY

_____ GUILTY

Please have your foreperson sign and date the Verdict Form below.

Dated this ___ day of _____, 2014.

                                                                                           _____
                                                                                            Foreperson